IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL TOMPKINS, Special Administrator of the Estate of Zachary Tompkins, deceased;<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>USMAN AKHTAR, M.D.;<br><br>　　　　　Defendant. | 4:21CV3044<br><br>**ORDER** |

This case is before the court on a partially unopposed motion to amend (Filing No. 11) filed by Plaintiff Daniel Tompkins ("Plaintiff"). Plaintiff requests leave of court to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). For the reasons discussed below, the motion will be granted.

BACKGROUND

This is a professional negligence and wrongful death action against Defendant Dr. Usman Akhtar ("Defendant"). On the instant motion, Plaintiff asks for leave to amend his complaint to: (1) include additional factual assertions regarding Defendant's alleged breach the applicable standard of care; (2) correct certain stylistic and grammatical errors; and (3) include general allegations related to opioid abuse and addiction. (Filing No. 12 at CM/ECF pp. 2-3).

In large part, Defendant does not oppose Plaintiff's request to amend his complaint. Defendant indicates that he is amenable to allowing Plaintiff to amend to add the additional allegations related to the standard of care and likewise does

1

not oppose the grammatical and formatting corrections. (Filing No. 13 at CM/ECF pp. 1-2). Defendant opposes only Plaintiff's attempt to add broad descriptions of the opioid epidemic contained within paragraphs 21-24 of the proposed amended complaint. (Filing No. 13 at CM/ECF p. 6).

Defendant argues that

> [t]he prevalence of opioid addiction in Nebraska is not relevant to any of these claims. The claims are specific to Defendant's treatment of Decedent, and whether Defendant met the standard of care in his treatment of Decedent will not be made more or less likely based on the prevalence of opioid addiction in Nebraska. Nor does the prevalence of opioid addiction in Nebraska affect whether Decedent's death was wrongful, or Plaintiff's loss of consortium claim in relation to the death of Decedent. In fact, drawing attention to the rate of other, unrelated opiate addiction in Nebraska is potentially harmful to Defendant, as it increases the risk of improperly drawing attention to the standard of care provided to other individuals, as opposed to Defendant's care for Decedent.

(Filing No. 13 at CM/ECF p. 5). Defendant also argues that Plaintiff's proposed amendments related to opioid addiction would be subject to a motion to strike pursuant to Fed. R. Civ. P. 12(f) and that "[a]llowing Plaintiff to make the proposed amendments which Defendant objects to adds the unnecessary step of requiring Defendant to file the Motion to Strike." (Filing No. 13 at CM/ECF p. 6).

ANALYSIS

Under Rule 15(a), "absent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003). Plaintiff requested leave to amend within the

2

deadline contained in the court's scheduling order, (Filing No. 9). There was therefore no delay or dilatory motive evident from Plaintiff's conduct. And, this is Plaintiff's first request for leave to amend and there is therefore no repeated failure to cure deficiencies in previous pleading iterations. Instead, Defendant claims that the opioid statistics Plaintiff proposes to include are both inflammatory and irrelevant to the claims alleged, and as a result, those paragraphs are futile and must be stricken under Rule 12(f).

The court disagrees. Fed. R. Civ. P. 12(f) allows the court, on its own or on a party's motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) is "permissive" and grants the court liberal discretion when ruling on motions to strike. Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). However, courts view motions to strike with disfavor because striking a pleading is an "extreme measure." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). Motions to strike are often considered "time wasters," and should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy. Infogroup, Inc., v. DatabaseLLC, 95 F.Supp. 3d 1170, 1194 (D. Neb. 2015).

A defendant moving to strike allegations must "clearly show that the challenged matter has no bearing on the subject matter of the litigation," (Id. (citation omitted)), and that defendant will be prejudiced if the allegations are not stricken. "[P]rejudice is not assumed simply by the inclusion in the ... complaint of the verbose, immaterial, conclusory, or evidentiary matter." Id. The court must be sufficiently convinced that the information at issue would have some improper and undue impact on the litigation of the relevant claims.

3

Plaintiff's complaint alleges the defendant physician over-prescribed opioids to Plaintiff's decedent. So, the allegations related to the opioid epidemic contained within paragraphs 21-24 of the proposed amended complaint are not wholly irrelevant. Rather, those paragraphs provide general contextual information that is not wholly unrelated to the case or facially improper. "Even matters that are not 'strictly relevant' to the principal claim at issue should not necessarily be stricken, if they provide 'important context and background' to claims asserted or are relevant to some object of the pleader's suit." Osentowski v. Yost, 2016 WL 5375996, at *2 (D. Neb. Sept. 26, 2016) (citation omitted).

Moreover, the allegations within paragraphs 21-24 could be construed as alleging a factual basis for proving the defendant knew or should have known of the risk of over-prescribing opioids. Including these facts within the amended complaint is not unduly prejudicial to the defendant. The court finds that under the permissive standard of Rule 15(a)(2), Plaintiff should be granted leave to amend his complaint as he proposes.

Accordingly, IT IS ORDERED that Plaintiff's motion to amend (Filing No. 11) is granted. On or before October 7, 2021, Plaintiff shall separately file his amended complaint, a copy of which is attached to his motion.

Dated this 4th day of October, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge