IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL TOMPKINS, Special Administrator of the Estate of Zachary Tompkins, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>USMAN AKHTAR, M.D.;<br><br>Defendant. | **4:21CV3044**<br><br>**ORDER** |

During the conference call on November 29, 2021, the parties alerted the court to an issue regarding whether witnesses who were previously deposed during underlying administrative proceedings are subject to being re-deposed for this case. Based on the parties' jointly filed Rule 26(f) report, they agreed "that the written discovery and depositions completed by the parties in Nebraska Medical Review Panel . . . may be used herein as though completed in this case." (Filing No. 8, at CM/ECF p. 10, ¶E). The court's final progression order states the parties must comply with all "stipulations and agreements recited in their Rule 26(f) planning report." (Filing No. 9, at CM/ECF p. 2, ¶ 11).

Plaintiff's counsel states the deposition stipulation means depositions taken in the Nebraska Medical Review Panel proceedings can be used in this case, but Plaintiff retains the right to re-depose these witnesses. Defendant states the depositions taken in the Nebraska Medical Review Panel proceedings are the depositions for this case, and plaintiff cannot re-depose these same witnesses again absent a court order. Fed.R.Civ.P. 30(a)(2)(A)(ii).

Upon consideration, Defendant's argument prevails. If the court adopted Plaintiff's interpretation, the stipulation would be superfluous; that is, the Rules of Evidence will apply equally to depositions taken during this federal lawsuit and those taken for the Nebraska Medical Review Panel proceedings, and to the extent permitted under those rules, prior relevant testimony obtained under oath can be used in this case—with or without the parties' joint stipulation. To have any meaning, the stipulation must be interpreted as the parties' agreement that depositions previously taken for the Nebraska Medical Review proceedings would not be repeated merely because the parties' dispute is now pending in federal court.

Accordingly,

IT IS ORDERED that if the plaintiff wishes to depose anyone who was previously deposed for the proceedings before the Nebraska Medical Review Panel, Plaintiff must first seek and obtain a court order allowing a second deposition.

Dated this 21st day of December, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge